IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lee Gorham, Sr., ) | Civil Action No. 3:06-2317-GRA-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Donald Beckwith, Associate Warden of Kershaw ) | |
| Correctional Institution, and Henry McMaster, **)** | **REPORT AND RECOMMENDATION** |
| Attorney General of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Steven Lee Gorham, Sr. ("Gorham"), is an inmate at the South Carolina Department of Corrections serving a sentence of eighteen years imprisonment for voluntary manslaughter. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 15, 2006. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on October 16, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on October 17, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner has not filed his response. On November 28, 2006, the undersigned issued an order requiring Gorham to notify the court within 15 days should he wish to continue to pursue this action. On February 20, 2007, Gorham filed a motion indicating he wished to withdraw his petition.

The record shows that Gorham pled guilty on May 23, 2001, pursuant to a negotiated plea. He did not file a direct appeal. He filed two applications for post-conviction relief ("PCR"). The

first was withdrawn and the second denied.  He sought appellate review of the denial of his second PCR.  His petition for writ of certiorari was denied by the South Carolina Supreme Court on October 21, 2004.  The Remittitur was returned on November 8, 2004.

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.  The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.  Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review.  Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction.

Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999).  Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled."  Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply.  "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of

3

§ 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

This case is clearly untimely. Without precisely calculating the period of untolled time after Gorham's conviction became final, his PCR process ended no later than November 8, 2004. This case was filed over two years later.

It is, therefore, recommended that this case be dismissed as untimely. Alternatively, the undersigned recommends dismissal under Fed. R. Civ. P. 41(b), based on Gorham's failure to prosecute this action.

                                      Respectfully submitted,

                                      Joseph R. McCrorey
                                      United States Magistrate Judge

March 8, 2007
Columbia, South Carolina

        **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).