UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Steven Lee Gorham, Sr., ) | |
| ) | C/A No. 03:06-cv-02317-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Donald Beckwith, Associate Warden of ) | |
| Kershaw Correctional Institution; and ) | |
| Henry McMaster, Attorney General of ) | |
| the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation filed on March 9, 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local rule 73.02(B)(2)(c), D.S.C. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 15, 2006. Respondents moved for summary judgment on October 16, 2006. On October 17, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. Petitioner did not file a response. On November 18, 2006, the magistrate ordered the petitioner to notify the court within fifteen (15) days if he wished to continue this action. Petitioner filed a motion on February 20, 2007, seeking to withdraw his petition. The magistrate now recommends dismissing the petition as

untimely or, in the alternative, dismissing the petition pursuant to Fed. R. Civ. P. 41(b) for Petitioner's failure to prosecute.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United State District Judge, the objections must be timely filed and must specifically identify the portion of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner did not file objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS ORDERED that this petition be DISMISSED *with prejudice* pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Therefore, Petitioner's Motion to Withdraw is GRANTED. Further, Defendants' Motion for Summary Judgment is hereby deemed MOOT.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 18, 2007

Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.